UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 03-4315

DENNIS ROGER VANDYKE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-111)

Argued: May 8, 2003

Decided: May 15, 2003

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed in part and vacated in part by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Eric Jason Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Donald David Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr., United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dennis Roger VanDyke appeals from the district court's denial of his motion to stay or reconsider the magistrate judge's order committing him to the custody of the Attorney General for placement in a suitable facility that can examine him for competency to stand trial.

As a result of various state offenses committed during his federal supervised release period, VanDyke's federal probation officer filed a petition in the district court seeking the revocation of his supervised release. Before trial on the petition, the Government filed a Motion to Determine Competency of Defendant. Under 28 U.S.C.A. § 636(b)(1)(A) (Supp. 2003), the Government's motion was referred to a magistrate judge. On March 26, 2003, the magistrate judge, applying 18 U.S.C.A. § 4241(a) (West 2000), determined that there was reasonable cause to believe that VanDyke might be suffering from a mental disease or defect and entered an order granting the Goverment's motion to determine competency. The magistrate judge also ordered an examination under 18 U.S.C.A. § 4242 (West 2002) to determine whether VanDyke was criminally responsible at the time of the commission of the alleged offense. VanDyke filed a motion in the district court for reconsideration or stay of the magistrate judge's order, which the district court denied on April 9, 2003. The parties do not dispute that the district court adopted the magistrate judge's order. VanDyke filed a timely notice of appeal.

VanDyke first argues that the district court erred in finding that there was "reasonable cause" to believe that VanDyke "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C.A. § 4241(a).[1] Section 4241 sets a low

---

[1]Under 18 U.S.C.A. § 4241, VanDyke may be committed for evaluation for no more than thirty days, unless an extension is granted, which

threshold. The district court need only find that there is "reasonable cause to believe that the defendant *may* presently be suffering from a mental disease or defect." 18 U.S.C.A. § 4241(a) (emphasis added); *see also United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995) (holding that to determine whether reasonable cause exists to order a competency evaluation under § 4241, "a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence," and noting that even one factor standing alone may be sufficient to establish reasonable cause).

Our review of the record shows several indications that VanDyke may presently be suffering from mental disease or defect, including VanDyke's admitted history of mental illness; the competency evaluation during VanDyke's federal criminal trial in 2000 wherein he was found to be competent to stand trial yet suffering from a mental illness with psychotic symptoms; evidence from VanDyke's 2002 state criminal trial in which VanDyke had a mental evaluation and was recommended for involuntary commitment based on his mental status;[2] recent probation forms where VanDyke consistently failed to answer the questions appropriately; and recent rambling letters that VanDyke wrote to his probation officer. Thus, there was more than sufficient evidence for the district court to conclude that there was reasonable cause to believe that VanDyke may presently be suffering from a mental disease or defect. Accordingly, we affirm the district court's

---

can extend the evaluation for fifteen more days. *See* 18 U.S.C.A. § 4247(b) (West 2000).

[2]In the state criminal proceeding, VanDyke was found mentally incompetent under N.C. Gen. Stat. § 122C-261 (2002) (defining procedures to civilly commit individuals who are "dangerous to self" or are "in need of treatment in order to prevent further disability or deterioration that would predictably result in dangerousness"). Although the state evaluating hospital recommended that VanDyke be involuntarily committed, he could not be criminally committed under state law because none of his state crimes were violent offenses. Further, he could not be civilly committed under state law because of the detainer placed on him from the federal court as a result of the probation officer's petition to revoke VanDyke's supervised release.

order denying VanDyke's motion to reconsider or stay the magistrate judge's order committing VanDyke to the custody of the Attorney General for placement in a suitable facility that can examine him for competency to stand trial under § 4241.

VanDyke also appeals the district court's order granting a mental examination under 18 U.S.C.A. § 4242 (West 2000) to determine the existence of insanity at the time of VanDyke's offense. As the Government conceded at oral argument, the order granting a mental examination under § 4242 was improper, and we accordingly vacate that portion of the district court's order.

*AFFIRMED IN PART AND VACATED IN PART*